UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEONEL MARIN-TORRES,

    Defendant.

NO. CR09-262RSL

ORDER ON DEFENDANT'S MOTIONS

## I. INTRODUCTION

This matter comes before the Court on *pro se* defendant's motions to appoint a new investigator, for access to non-collect calls, for a Spanish translation of the suppression hearing transcript in this matter, and for translation of some of the government's case file and discovery (Dkt. ##38, 41, 46). These issues were fully briefed and the Court heard oral argument on November 30, 2009.

## II. DISCUSSION

**A.    Factual Background**

Mr. Marin-Torres was arrested on March 29, 2009 for possession of cocaine with intent to distribute and being a felon in possession of a firearm. As an indigent defendant, he was provided with the services of the Federal Public Defender, which assigned an experienced public defender with access to both a Spanish-speaking paralegal and an investigator to prepare and present his defense. Additionally, as Mr. Marin-Torres is not a facile English-speaker, a Spanish interpreter has been provided to Mr. Marin-Torres at all Court proceedings.

ORDER ON DEFENDANT'S MOTIONS- 1

After the Court heard testimony on and ultimately denied defendant's suppression motion in this matter, Mr. Marin-Torres moved the Court for the right to represent himself *pro se*. The Court heard oral argument on his motion on November 13, 2009 and found Mr. Torres capable of defending himself based on the Faretta standards. In granting his motion, the Court noted that based on Mr. Marin-Torres' actions at the suppression hearing, where he interrupted witnesses, made inappropriate remarks, and at times refused to follow the Court's instruction, the Court would, over Mr. Marin-Torres' objection, appoint his former public defender as standby counsel. Trial is currently scheduled for February 22, 2010 and a status conference is set for January 25, 2010.

**B.     Applicable law**

Defendant's motions bring up issues not entirely settled in federal law – to what extent need the government provide support to an incarcerated, non-English-speaking criminal defendant who wishes to represent himself *pro se?* The Supreme Court has held that the Sixth Amendment "implies a right in the defendant to conduct his own defense" and, moreover, that:

> A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.

McKaskle v. Wiggins, 465 U.S. 168, 174 (1984). Courts have also implicated a Sixth Amendment right to translation, at least in the courtroom, for example:

> The right to confrontation, for a defendant unable to understand the language of the court and the witnesses, requires simultaneous translation for the purpose of communicating with counsel to enable the latter to effectively cross-examine witnesses to test their credibility, their memory and their accuracy of observation.

Giraldo-Rincon v. Dugger, 707 F.Supp. 504, 506 (M.D.Fla. 1989) (citing United States of America v. The State of New York, 434 F.2d 386 (2nd Cir.1970)).

These rights taken together, however, do not amount to a license for non-English speaking *pro se* defendants to demand of the government whatever services they want in whatever manner they choose. As the Supreme Court observed: "When an accused manages his

ORDER ON DEFENDANT'S MOTIONS- 2

own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." Faretta v. California, 422 U.S. 806, 835 (1975). Further, while a criminal defendant's right to conduct his own defense requires that the individual be given "time to prepare and some access to materials and witnesses," that right of access "must be balanced with security considerations and the limitations of the prison system." U.S. v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). It has also been held that the Sixth Amendment right to self-defense does not include the right to "conduct one's own research at government expense" nor does it imply "further rights to materials, facilities, or investigative or educational resources that aid self-representation." U.S. v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), *cert. denied*, 464 U.S. 867 (1983).

The Court must therefore strike a balance between protecting Mr. Marin-Torres' right to meaningful self-representation and the public interests in penal security and in maintaining an economically feasible court system. See, e.g., U.S. v. Martinez, 616 F.2d 185, 188 (5th Cir. 1980) ("The use of . . . interpreters involves a balancing of the defendant's constitutional rights to confrontation and due process against the public's interest in the economical administration of criminal law.") The following orders are made with these considerations in mind.

**C.     Motion for Change of Investigator**

The Court GRANTS defendant's motion to appoint Spanish-speaking investigator Benito Cervantes to aid in the preparation of his defense and authorizes up to 20 hours of Mr. Cervantes' time at a rate of $80 per hour for a maximum $1600.

**D.     Motion for Transcript and Translation of Suppression Hearing**

The Court GRANTS defendant's motion for a translated transcript of the October 30, 2009 suppression hearing. The Court directs the Federal Defender to provide Mr. Marin-Torres a copy of the translated transcript.

**E.     Motion for Translation of Discovery**

The Court has received information from both the United States Attorney and Mr. Marin-Torres' former counsel in this case about what discovery documents have already been provided

ORDER ON DEFENDANT'S MOTIONS- 3

to Mr. Marin-Torres and which of these have been translated into Spanish. To this end, the government has provided the Court with its case file on Mr. Marin-Torres, Bates-stamped from 001 to 508. Though a number of pages in this file relate directly to the incidents leading up and subsequent to Mr. Marin-Torres' arrest on the charges before the Court, the bulk of the file is composed of duplicates and documents relating to various of Mr. Marin-Torres' previous arrests dating back to 1996.

The Court understands that Mr. Marin-Torres has received non-translated copies of Bates numbers 001 to 500 of the government's file. Additionally, Mr. Marin-Torres continues to have the benefit of a Spanish-speaking paralegal from the Federal Defender's office to discuss the documents in the government file. It is also evident from Mr. Marin-Torres' *pro se* submissions, which are written in grammatically correct English, that he has access to other translation services not provided by the government. See, e.g., Dkt. #41 (written "with the held of another inmate."). Mr. Marin-Torres has additionally received from the Federal Defender written Spanish translations of (1) the criminal complaint, (2) the indictment, (3) the superseding indictment, (4) the Court's Order denying the motion to suppress, (5) and reports from the Seattle Police Department ("SPD") officers who arrested Mr. Marin-Torres on March 29, 2009 (Bates 31-34, 36-38, 49-52).

The Court further ORDERS that the following documents from the government file be translated into Spanish: (1) U.S. Department of Justice Recommendation for Prosecution (Bates 002-004); (2) U.S. Bureau of Alcohol, Tobacco, and Firearms Report of Investigation ("ATF ROI") ##1, 2 (Bates 005-007); SPD Officer Jokela's Probable Cause Certification (Bates 015-016); Washington State Patrol Crime Lab Report and documents related to firearm identification (Bates 017-018, 020-024); SPD 9-1-1 dispatch report (Bates 026-027); transcripts of 9-1-1 calls (Bates 137-158); documents related to fingerprint specialists on the case (Bates 175-177); ATF ROI ##3, 4 (Bates 178-181); SPD General Offense Report on a weapon discharge in the vicinity of Franklin Apartments on February 26, 2009 (Bates 242, 243, 245, 246, 252, 253, 255, 256, 259, 260; narrative regarding stolen gun (Bates 272-275); ATF ROI ##5, 6, 7, 9, 10 (Bates 298-

312); ATF Agent Jonathon Hansen's "Qualifications for Interstate Nexus Testimony" (Bates 331-333); documents related to forensics in this case (Bates 334-340); Receipt for Evidence and Chain of Custody Report (Bates 375-377); ATF ROI #11 (Bates 488-491); documents related to qualifications of government agents and experts (Bates 492-500); and ATF ROI ##12, 13 (Bates 501-508). After the Office of the Federal Defender has completed these translations, the Court directs it to provide copies of the translated documents to Mr. Marin-Torres.

If Mr. Marin-Torres finds that there are other specific documents that he needs translated in order to present his defense, the Court will consider them on a case-by-case basis.

**F.     Ability to Make Non-Collect Calls**

Mr. Marin-Torres also moves for the ability to make non-collect calls from prison in order to prepare his defense. The government responds that Mr. Marin-Torres already has that capability at FDC Seatac: "FDC Seatac inmates are allowed up to 300 minutes of calls per month, with each individual call lasting up to 15 minutes." Dkt. #42 at 5. Mr. Marin-Torres claims the government is mistaken about FDC Seatac policy.

In either case, the Court is reluctant to interfere with FDC Seatac policy in this matter. After a review of the case law, the Court has not identified any case in this Circuit where a district court has ordered a detention facility to allow non-collect calls. In fact, the only applicable cases are unpublished decisions that uphold regulations permitting inmates only collect calls. See, e.g., Allen v. Josephine County, 15 F.3d 1082 (9th Cir. 1994).

As such, the Court DENIES Mr. Marin-Torres' motion for the ability to make non-collect calls insofar as that ability would violate FDC Seatac policy. He may make non-collect calls if FDC Seatac permits it.

**G.     Standby Counsel Issue**

For the benefit of the record and to better explain it to Mr. Marin-Torres, the Court here revisits the reasoning behind its November 13, 2009 standby counsel order. Mr. Marin-Torres has protested this appointment loudly and often (as he has often done on other matters), speaking out of turn and interrupting the Court and opposing counsel. The Court has repeatedly had to

ORDER ON DEFENDANT'S MOTIONS- 5

warn Mr. Marin-Torres that such outbursts are out of order and are not acceptable in a court of law. The Court has already once had to recess proceedings because of defendant's disruptive behavior.

As Faretta holds: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. at 834. Thus,

> the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct . . . [and] . . .a State may–even over objection by the accused–appoint a "standby counsel" to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.

Id. (citations omitted); see also U.S. v. Kelley, 539 F.2d 1199 (9th Cir. 1976); U.S. v. Coupez, 603 F.2d 1347 (9th Cir. 1979); Mayberry v. Pennsylvania, 400 U.S. 455 (1971) (Burger, J., concurring) (The trial judge may, in his or her discretion, use standby counsel to keep counsel in a case, even in the limited role of a consultant, where the defendant refuses counsel or seeks counsel's discharge).

Given Mr. Marin-Torres' history of disruptive behavior and the excellent work already done by the Federal Public Defender, the Court found it prudent here to appoint standby counsel. Should it become necessary to terminate Mr. Marin-Torres' self-representation or to remove him from the courtroom, the Sixth Amendment requires that he be represented by counsel. See U.S. v. Mack, 362 F.3d 597 (9th Cir. 2004). The Court also reminds Mr. Marin-Torres of his standby counsel's considerable experience and expertise, and urges him to make use of that expertise as it could greatly aid in preparing and presenting his defense. Standby counsel and the resources he brings in assisting Mr. Marin-Torres and the investigator will take care of many of Mr. Marin-Torres' concerns about translation of discovery. If he refuses to utilize these resources, he should not be allowed to complain that he has been denied what he needs to prepare his defense.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motions to appoint an

ORDER ON DEFENDANT'S MOTIONS- 6

investigator, for a translated transcript of the October 30, 2009 suppression hearing, and for translations of the previously enumerated documents from the government's file. The Court DENIES defendant's motion for an Order authorizing his ability to make non-collect calls from FDC Seatac.

DATED this 18th day of December, 2009.

*signature*

Robert S. Lasnik
United States District Judge

ORDER ON DEFENDANT'S MOTIONS- 7