UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONEL MARIN-TORRES,<br><br>Defendant. | NO. CR09-262RSL<br><br>ORDER ON DEFENDANT'S MOTIONS |

This matter comes before the Court on *pro se* defendant's motions for correspondence material and access to copying machines, for more investigator hours, for access to secured, non-collect telephone calls, for Spanish translations of jury instructions and the Federal Rules of Evidence, for a list of all witnesses the government intends to call along with their criminal history, if any, for 30 blank subpoenas, and on defendant's latest motion to remove standby counsel (Dkt. ##49, 50, 51, 56, 57, 58). The government responded to many of these motions in its memorandum (Dkt. #53). Defendant filed a late reply memorandum (Dkt. #25) on January 25, 2010, which made further arguments on the standby counsel and telephone issues. The Court also heard full oral argument on all these issues on January 26, 2010.

**A.      Motion to Remove Standby Counsel**

Mr. Marin-Torres has already moved for removal of standby counsel**.** As explained in more depth in its previous Order (Dkt. #48), it is within the Court's discretion and appropriate to appoint standby counsel in this case.

Mr. Marin-Torres is correct to point out in oral argument that Faretta v. California holds

ORDER ON DEFENDANT'S MOTIONS- 1

that the "Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." 422 U.S. 806, 818-819 (1975). Faretta also provides, however:

> Of course, a State may-even over objection by the accused-appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary. . . . The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'

Id. at 834 n.46 (citations omitted). The Ninth Circuit explicitly cited this language in ruling it reversible error not to appoint standby counsel when there is a possibility, as the Court finds there is here, that the defendant will disrupt orderly courtroom procedure. See U.S. v. Mack, 362 F.3d 597, 601, 603 (9th Cir. 2004).

Furthermore, given Mr. Marin-Torres' status as both a federal inmate and a non-English speaker, the Court stresses that he could benefit greatly by utilizing the services standby counsel offers without in any way giving up his ability pursuant to the Sixth Amendment "to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." McKaskle v. Wiggins, 465 U.S. 168, 174 (1984). So that there is not even the appearance otherwise, the Court has provided that the Federal Defender will, at Mr. Marin-Torres' request, sit in the general seating area rather than at the defense table at trial. Mr. Marin-Torres will control his own defense.

Faretta observes: "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." Faretta, 422 U.S. at 835. Mr. Marin-Torres' use of standby counsel would ameliorate many of the disadvantages inherent in appearing *pro se*, in essence putting the resources of a large and extremely capable law firm at his service. At the Court's request, the Federal Defender has agreed to provide support services to Mr. Marin-Torres, such as access to correspondence

ORDER ON DEFENDANT'S MOTIONS- 2

material, access to copiers, help in interpreting and understanding the rules of court and of evidence—whatever Mr. Marin-Torres requires.

Mr. Marin-Torres continues, however, to insist that he will not have any contact with the Federal Defender, will not open any mail with a Federal Defender return address, will not accept any administrative or logistical support from the Federal Defender, and demands instead that the Court mandate relief from FDC Seatac and other sources. He argues strenuously in open court that to not provide him these services from the sources he chooses is a violation of his constitutional rights. The Court finds that he is mistaken in this regard.

The Sixth Amendment does not grant Mr. Marin-Torres an unlimited license to demand of the state whatever resources he desires from whatever source he desires. See, e.g., Caplin & Drysdale, Chartered v. U.S., 491 U.S. 617, 624 (1989) ("The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts"); see also Miller v. Smith, 115 F.3d 1136, 1143 -1144 (4th Cir. 1997) (finding no constitutional violation in court's requiring defendant to use state public defender to obtain trial transcript). As pointed out in the Court's previous Order, while a criminal defendant's right to conduct his own defense requires that the individual be given "time to prepare and some access to materials and witnesses," that right of access "must be balanced with security considerations and the limitations of the prison system." U.S. v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). It has also been held that the Sixth Amendment right to self-defense does not include the right to "conduct one's own research at government expense" nor does it imply "further rights to materials, facilities, or investigative or educational resources that aid self-representation." U.S. v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), *cert. denied*, 464 U.S. 867 (1983).

For all of the reasons above and those already explained in the Court's previous Order, Mr. Marin-Torres' motion to remove standby counsel is DENIED. The Court urges Mr. Marin-Torres to make use of the Federal Defender in managing and preparing his own defense. The

ORDER ON DEFENDANT'S MOTIONS- 3

remaining motions are decided in consideration of the law cited above and the Court's duty to strike a balance between protecting Mr. Marin-Torres' right to meaningful self-representation and the public interests in penal security and an economically feasible court system. See, e.g., U.S. v. Martinez, 616 F.2d 185, 188 (5th Cir. 1980) ("The use of . . . interpreters involves a balancing of the defendant's constitutional rights to confrontation and due process against the public's interest in the economical administration of criminal law.")

**B.     Motion for Correspondence Material**

Mr. Marin-Torres requests that he be provided large manila and letter size envelopes, 20 $1.00 stamps, 30 $0.44 stamps, 4 reams of lined, white paper, 4 "binding folders," and an FDC Seatac copy card with a $100 credit. Dkt. #50 at 3. The government responds that FDC Seatac provides inmates with paper and letter size envelopes, "although budget limitations mean that these materials may not be freely available every week," and that the other items are available for sale at FDC Seatac. Response at 3. In its standby capacity, the Federal Defender has offered to supply Mr. Marin-Torres with correspondence material and to make copies for him, but Mr. Marin-Torres presently refuses to have contact with the Federal Defender.

Mr. Marin-Torres must either make use of the support services the government has offered or forego that aid. The Court ORDERS that the Federal Defender supply Mr. Marin-Torres with the correspondence material he requests and make arrangements to copy the documents he requires. If Mr. Marin-Torres refuses this assistance, he injures himself, but it is not in the Court's power to force him to help himself in this regard.

**C.     Motion for More Investigator Hours**

In its previous Order, at defendant's request, the Court appointed Spanish-speaking investigator Benito Cervantes to aid in the preparation of Mr. Marin-Torres' defense and authorized up to 20 hours of Mr. Cervantes' time at a rate of $80 per hour for a maximum $1600. Mr. Marin-Torres now moves for 120 additional hours, which would bring the total cost to $11,200. Dkt. #58.

The Court is willing to consider authorizing Court payment for more of Mr. Cervantes'

ORDER ON DEFENDANT'S MOTIONS- 4

time, but Mr. Marin-Torres must first make a better and more detailed showing of (1) what services Mr. Cervantes has already performed and a breakdown of how many hours he spent on those tasks, and (2) what specifically still needs to be done and a reasonable estimate of the hours needed. He then must also go through the proper channels to obtain CJA Panel approval. Here too, defendant's experienced standby counsel can assist him in making this request. The Court will readily authorize additional time, if necessary, for Mr. Cervantes to attend or to testify at trial. For the foregoing reasons, the Court DENIES defendant's motion for 120 more investigator hours, without prejudice to him renewing the request on a proper showing.

**D.     Motions for Secured, Non-Collect Telephone Calls**

Defendant moves that he be permitted unmonitored phone calls to investigator Benito Cervantes. Dkt. #51. In its written response, the government noted that while procedures exist at FDC Seatac to make such calls, Mr. Marin-Torres had not made use of them. See Dkt. #53 at 5. At oral argument, the government represented that in the time since that response was filed, Mr. Marin-Torres has made use of those FDC Seatac procedures and has made secured, unmonitored calls to Mr. Cervantes. Mr. Marin-Torres does not dispute the government's assertion. Accordingly, Mr. Marin-Torres' motion regarding phone calls to his investigator is DENIED as moot.

Defendant also moves for non-collect, unmonitored phone calls to "potential witnesses." Dkt. #55 at 2. Such a request obviously implicates prison security, and, as noted in its previous Order, the Court is reluctant to interfere with FDC Seatac policy in these matters. The Court has not identified any case in this Circuit where a district court has ordered a detention facility to allow non-collect calls. In fact, the only applicable cases are unpublished decisions that uphold regulations permitting inmates only collect calls. See, e.g., Allen v. Josephine County, 15 F.3d 1082 (9th Cir. 1994). As such, the Court DENIES Mr. Marin-Torres' motion for the ability to make secured, non-collect calls insofar as that ability would violate FDC Seatac policy.

**E.     Motion for List of Government Witnesses with Criminal Histories**

The Court GRANTS defendant's motion for a list of the government's intended trail

ORDER ON DEFENDANT'S MOTIONS- 5

witnesses, along with their criminal histories, if any.  The government will produce and serve this list by February 8, 2010.

**F.     Motion or Spanish translations of jury instructions and Federal Rules of Evidence**

Though he has not filed a formal motion, defendant informed the Court in one of his motions that he intends to move for Spanish translations of the "jury instructions" and "rules of evidence." See Dkt. #50 at 5.  Insofar as Mr. Marin-Torres is referring to the jury instructions the Court will read to the jury before final arguments in this case, he need not make a formal motion; the motion is GRANTED.  Insofar as Mr. Marin-Torres requests translation of the Federal Rules of Evidence, which the Court finds are too voluminous to translate, the Court urges Mr. Marin-Torres to make use of standby counsel or to identify the particular rules he needs explained to him with the use of an interpreter.

**G.     Motion for 30 Blank Subpoenas**

Defendant moves the Court for 30 blank subpoenas.  Dkt. #57**.**  The Court does not issue blank subpoenas to defendants unable to pay for their process.  The procedure for obtaining such a subpoena is governed by Fed. R. Crim. P. 17(b) ("Defendant Unable to Pay"):

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

If Mr. Marin-Torres needs the Court to issue subpoenas, he shall move the Court ex parte under Fed. R. Crim. P. 17(b) for the issuance of those subpoenas.  Here too, defendant's experienced standby counsel can assist him in making this request.  Accordingly, defendant's motion for 30 subpoenas is DENIED.

DATED this 28th day of January, 2010.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER ON DEFENDANT'S MOTIONS- 6