# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONEL MARIN-TORRES,<br><br>Defendant. | Case No. 2:09-CR-262-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING AND IMPOSITION OF A REDUCED SENTENCE |

This matter comes before the Court on defendant Leonel Marin-Torres's "Motion for Resentencing and Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act." Dkt. #164.

## BACKGROUND

**A. Underlying Conviction**

On March 2, 2010, defendant was convicted by a jury on three charges of Possession of Cocaine Base in the Form of Crack Cocaine with Intent to Distribute, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), Carrying a Firearm During and in Relation to a Drug Trafficking Crime, see 18 U.S.C. § 924(c)(1)(A)(i), and Felon in Possession of a Firearm, see 18 U.S.C. § 922(g)(1). Dkt. #110. He was sentenced to a total of 192 months; 132 months on Count One, 120 months on Count Three to run concurrently with Count One, and 60 months on Count Two to run consecutively to Counts One and Three. Id. at 2. The judgment was affirmed on appeal. Dkt. #139. Defendant has since been convicted, while serving his sentence, of Assault with a

ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING
AND IMPOSITION OF A REDUCED SENTENCE - 1

Dangerous Weapon with Intent to Do Bodily Harm, see 18 U.S.C. §§ 113(a)(3) and 7(3), Possessing Contraband in Prison, see 18 U.S.C. §§ 1791(a)(2), (b)(3), (d)(1)(B) and 7(3), and Assault of an Officer, see 18 U.S.C. §§ 111(a) and (b). Dkt. #168 at 3–4; Dkt. #164 at 3. These have added an additional 147 months to his imprisonment. Id.

In 2016, defendant sought a sentence reduction under Amendment 782 to the United States Sentencing Guidelines ("the Guidelines"). Dkt. #146; see 18 U.S.C. § 3582(c)(2). The Court found that defendant was eligible for a sentence reduction from the 132 months imposed for Count One. However, after consideration of the applicable 18 U.S.C. § 3553(a) factors, the Court declined to exercise its discretion to reduce defendant's sentence. Dkt. #155. That decision was also affirmed on appeal. Dkt. #161.

### B. First Step Act

Defendant filed his "Motion for Resentencing and Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act" on March 6, 2019. At the time of defendant's sentencing, the Anti-Drug Abuse Act of 1986 provided for a sentencing range of up to 20 years if the offense involved less than 5g or an unspecified amount of crack cocaine, and 5 to 40 years if the offense involved 5 grams to 50 grams of crack cocaine. 21 U.S.C. § 841(b) (1996). On August 3, 2010, Congress enacted the Fair Sentencing Act. Section 2 altered the penalty structure for cocaine base offenses. For offenses involving less than 28g or an unspecified amount of cocaine base, the sentencing range is now up to 20 years. 21 U.S.C. § 841(b).

On December 21, 2018, Congress enacted the First Step Act of 2018. Section 404 made retroactive the portions of the Fair Sentencing Act that lowered the statutory penalties applicable to certain offenses involving cocaine base. First Step Act, § 404(b). The government does not dispute that defendant has met the eligibility requirements of the statute for a reduction in sentence. Id.; see Dkt. #168 at 9. What remains in dispute is whether defendant is entitled to a plenary sentencing hearing, and whether the Court should exercise its discretion to reduce defendant's sentence.

ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING
AND IMPOSITION OF A REDUCED SENTENCE - 2

# DISCUSSION

## A. Eligibility for Sentence Reduction

Section 404 states that the provisions of the First Step Act apply to "Covered Offenses," defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 … that was committed before August 3, 2010." First Step Act, § 404(a). However, a court shall not entertain a motion to reduce a defendant's sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act … or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Id. at § 404(c). "Courts retain discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require a court to reduce any sentence.'" United States v. Mason, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)).

Defendant committed the offense of Possession of Cocaine Base in the Form of Crack Cocaine with Intent to Distribute before August 3, 2010. Dkt. #164 at 5. Section 2 of the Fair Sentencing Act modified the statutory penalties for that offense, reducing the sentencing range for his possession of 9.18g of crack cocaine from imprisonment for 5 to 40 years to imprisonment for up to 20 years—or up to 30 years in his case due to the 21 U.S.C. § 841 enhancement based on a prior drug offense. 21 U.S.C. § 841(b); see Dkt. #164 at 1. He has not previously filed a Section 404 motion. The Court has the authority to impose a reduced sentence for Count One. First Step Act, § 404.

## B. Plenary Sentencing Hearing

Under the Fair Sentencing Act, the Court "may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." First Step Act, § 404(b). Defendant requests that he be transported to the Court for a plenary sentencing hearing. Dkt. #164 at 7. The government argues that he is not

entitled to a hearing. Dkt. #168 at 6. The Court of Appeals for the Ninth Circuit has not yet addressed this issue. See, e.g., United States v. Graves, 925 F.3d 1036, 1041 (9th Cir. 2019) ("When the district court re-sentences [the defendant], it may also consider what effect, if any, the recently enacted First Step Act has on his sentence."); United States v. Spearman, 913 F.3d 958 (9th Cir. 2019) (remanding case for "re-sentencing in light of, and in accordance with, the First Step Act of 2018"); United States v. Mapuatuli, 762 F. App'x 419 n.3, 423 (9th Cir. 2019) (mem) ("[W]hen the district court re-sentences [the defendant], it may also consider what effect (if any) the recently enacted First Step Act has on [his] sentence.").

In general, the Court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, it may do so "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," under 18 U.S.C. § 3582(c)(1)(B), and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). The Supreme Court has held that the text of § 3852(c)(2), "together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 826. "Relevant here, subsection (c)(1)(B) authorizes a court to 'modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.'" Mason, 2019 WL 2396568 at *3 (quoting 18 U.S.C. § 3582(c)(1)(B)). "Section 404(b) of the First Step Act provides this express statutory authorization." Id. (citing United States v. Shelton, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019)).

The Fair Sentencing Act and the First Step Act do not expressly provide for a plenary resentencing. See generally First Step Act; see Mason, 2019 WL 2396568 at *3; see United

ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING
AND IMPOSITION OF A REDUCED SENTENCE - 4

States v. Potts, No. 2:98-CR-14010, 2019 WL 1059837, at *2 (S.D. Fla. Mar. 6, 2019). Nor does the First Step Act specifically incorporate 18 U.S.C. § 3852, or any other statute. Defendant is correct in that "a court should not add language to an unambiguous statute absent a manifest error in drafting or unresolvable inconsistency." Aronsen v. Crown Zellerbach, 662 F.2d 584, 590 (9th Cir. 1981). However, § 3582(c) is the procedural vehicle through which the Court can modify a defendant's sentence under the First Step Act. See Potts, 2019 WL 1059837 at *3 (citing United States v. Maiello, 805 F.3d 992, 999 (11th Cir. 2015)); see United States v. Kamber, No. 09-CR-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019). This is because Section 404(b) of the First Step Act provides the express statutory authorization required to modify the imposed term of imprisonment under § 3582(c)(1)(b). Mason, 2019 WL 2396568 at *3 (citing Shelton, 2019 WL 1598921 at *2); see United States v. Delaney, No. 6:08-CR-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) The Supreme Court has already held that a defendant is not entitled to a resentencing proceeding under § 3852(c)(2). Dillon, 560 U.S. at 826. It follows that a defendant is not entitled to a resentencing proceeding under the First Step Act, either, through the procedural mechanism of § 3582(c)(1). Mason, 2019 WL 2396568 at *3 ("… defendants are not entitled to full resentencing in the analogous context of subsection 3582(c)(2) proceedings, which are based on retroactive amendments to the U.S. Sentencing Guidelines… Similarly, the First Step Act permits a sentence reduction based on the retroactive application of the Fair Sentencing Act. Much like § 3852(c)(2), it contemplates only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); see Potts, 2019 WL 1059837 at *2; see United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011) ("… a defendant is not entitled to a full resentencing during a § 3582(c) proceeding.").

The fact that Section 404 prohibits successive motions while § 3852(c)(2) does not is irrelevant. See Dkt. #164 at 8. The content of § 3852(c)(2) is not implicitly incorporated into Section 404. Rather, § 3852(c)(1)(B) is the mechanism through which Section 404 may be effectuated. Mason, 2019 WL 2396568 at *3. The use of the word "impose" instead of "modify"

ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING
AND IMPOSITION OF A REDUCED SENTENCE - 5

or "reduce" does not compel a contrary conclusion, either. Dkt. #164 at 9. "The reason is that the Act's use of the word 'impose' must be read in context: it authorizes courts to 'impose a reduced sentence,' referring to a proceeding to 'reduce' a sentence. … This does not signal authorization for a full resentencing." Mason, 2019 WL 2396568 at *4 (internal citation omitted). Finally, if the First Step Act authorized plenary resentencing proceedings for individuals convicted of crack cocaine offenses, this would be unfair to individuals convicted of other drug offenses. Mason, 2019 WL 2396568 at *4 (citing United States v. McKinney, No. 06-20078-01-JWL, 2019 WL 2053998, at *4 (D. Kan. May 9, 2019). "If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since [the] original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." Russo, 2019 WL 1277507 at *1.

Most district courts that have considered this issue have come to the same conclusion. Mason, 2019 WL 2396568 at *3; see McKinney, 2019 WL 2053998 at *4; see United States v. Coleman, 382 F. Supp. 3d 851 (E.D. Wis. 2019); United States v. Sampson, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); Potts, 2019 WL 1059837 at *3; United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019); United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *7 (E.D. Wis. Apr. 18, 2019); United States v. Glore, No. 99-CR-82-PP, 2019 WL 1761581, at *5 (E.D. Wis. Apr. 22, 2019).

The Court is therefore authorized to do only "one thing—recalculate the sentence on Count [One] as if section 2(a) of the FSA had been in effect when he committed that crime." Coleman, 382 F. Supp. 3d at 851. Defendant's presence is not required. See Fed. R. Crim. P. 43(b) ("A defendant need not be present … [where] the proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).").

### C. Reduction to Defendant's Sentence

"The First Step Act makes clear that sentence reductions are discretionary." Mason, 2019 WL 2396568 at *6 (citing First Step Act § 404(c)). "In deciding how to exercise their discretion and determine the extent of a sentence reduction under the Act, courts should consider the factors set forth in 18 U.S.C. § 3553(a), which requires consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct." Id.

Defendant has a significant history of violence. See 18 U.S.C. § 3553(a); see Dkt. #155. His post-sentencing convictions for assault only serve to heighten the Court's concern rather than alleviate it. See United States v. Mitchell, No. CR 05-00110 (EGS), 2019 WL 2647571, at *7 (D.D.C. June 27, 2019) ("… consideration of [the defendant]'s post-sentencing conduct and the factors set forth in 18 U.S.C. § 3553(a) is appropriate under Section 404(b) of the First Step Act."); United States v. Berry, No. 1:09-CR-05-2, 2019 WL 2521296, at *4 (W.D. Mich. June 19, 2019); United States v. Williams, No. 03-CR-1334 (JPO), 2019 WL 2865226, at *3 (S.D.N.Y. July 3, 2019). The Court declines to exercise its discretion to reduce defendant's sentence. See First Step Act, § 404(c).

### **CONCLUSION**

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 19th day of July, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge